## Case No. 1,429.

### BIRD v. COCKREM.

[2 Woods, 32;[1] 1 Thomp. Nat. Bank Cas. 284.]

Circuit Court, D. Louisiana. April Term, 1874.

BANKS AND BANKING—ACTION AGAINST RECEIVER OF NATIONAL BANK — REMOVAL TO FEDERAL COURT.

Receivers of national banking associations, as such, have not the privilege in all cases of being sued in the United States courts, and cannot remove such cases against them from state courts to the United States courts.

[See note at end of case.]

[At law. Action by the executors of Stephen Bird against John Cockrem, receiver of the New Orleans National Banking Association, for not surrendering property alleged to belong to plaintiff.] This cause was heard upon the motion of defendant to vacate the order removing the case from the fifth district court of the parish of Orleans. [Order vacated.]

J. Ad. Rosier and Geo. W. Race, for plaintiffs.

J. D. Rouse, for defendant.

BRADLEY, Circuit Justice. It is unnecessary to decide the question raised by counsel, whether the act of July 27, 1868, (Rev. St. § 640,) allows all corporations, or only corporations of the United States, when sued, to remove their causes into the United States courts, since banks of the United States are excepted in any case; and also, since this is not a case against a corporation, but against a receiver, and the case is not within the 57th section of the national banking act [of June 3, 1864,] (13 Stat. 116,) which gives state courts concurrent jurisdiction with the courts of the United States, in suits against any association under the act, inasmuch as this is not a suit against the association. It is

simply a suit against the receiver, for not surrendering property alleged to belong to the plaintiffs. Now unless a receiver, as such, has the privilege in all cases of being sued in the United States courts, I can see no ground for the removal of this cause from the state court. I am not aware of any such prerogative which a receiver of a national bank has over other persons. Officers and agents acting under authority of the United States, in making arrests, seizures, etc., during the war, may remove all suits brought against them for such cause, into the United States courts. But this is not one of that class of cases. The order for removal must be vacated, and the cause remanded to the state court.

[NOTE. Under Acts March 5, 1875, c. 137, § 2, (18 Stat. 470,) and Aug. 13, 1888, c. 866, § 2, (25 Stat. 434,) suits of a civil nature, involving matters in dispute exceeding $500, exclusive of costs, and arising under the constitution and laws of the United States, may be removed to the circuit courts.

[A matter in dispute arises under the constitution and laws when "it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution or a law of the United States, or sustained by the opposite construction." Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28; Kansas Pac. R. Co. v. Atchison, T. & S. F. R. Co., 112 U. S. 414, 5 Sup. Ct. 208; Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. 437. It is sufficient that the question arises irrespective of the question of citizenship. Wilder v. Union Nat. Bank, Case No. 17,651. And the record must show that the case involves a federal question. Seattle & M. Ry. Co. v. State, 52 Fed. 594, distinguishing Union Pac. Ry. Co. v. City of Kansas, and Same v. Myers, 115 U. S. 1, 5 Sup. Ct. 1113; New Orleans, M. & T. R. Co. v. Mississippi, 102 U. S. 135; Tennessee v. Davis, 100 U. S. 257; Little York Gold Washing & Water Co. v. Keyes, 96 U. S. 199; Nashville v. Cooper, 6 Wall. (73 U. S.) 247.

[In Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, it was held, on the authority of Osborn v. Bank of U. S., 9 Wheat. (22 U. S.) 817, that corporations created by and organized under acts of congress are entitled to remove suits brought against them in the state courts, by virtue of the act of 1875, on the ground that such suits "arise under the laws of the United States," as such corporations derive their existence, their powers, functions, and duties, and a large portion of their resources, from those acts, and by virtue thereof sustain important relations to the government of the United States. Since these acts, it seems to be settled that suits against receivers of national banks, where the defense rests upon authority of the laws relating to such banks, may be removed. Sowles v. Witters, 43 Fed. 700; Same v. First Nat. Bank, 46 Fed. 513. And see, as to receivers appointed by federal courts, Evans v. Dillingham, 43 Fed. 177; and see, also, note to Sawyer v. Parish of Concordia, 12 Fed. 760. Act March 3, 1887, (24 Stat. 554,) § 4, provides that the jurisdiction of the federal courts in respect to national banks shall be the same as in the case of individual citizens.]

====

BIRD, (HALL v.) See Case No. 5,926.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]